IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>GRINNELL COLLEGE, RAYNARD S. KINGTON, SARAH MOSCHENROSS, ANGELA VOOS, ANDREA B. CONNOR, and BAILEY ASBERRY,<br><br>        Defendants. | No. 4:17-cv-079-RGE-SBJ<br><br>**PROTECTIVE ORDER** |

In light of this court's order allowing the plaintiff to pursue this case as "John Doe" during pretrial proceedings and to simplify discovery and the exchange of information prior to trial,

**IT IS HEREBY ORDERED:**

### SCOPE OF THIS ORDER

1. This Protective Order shall apply to all information and documents produced by any party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests and all information provided by any party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

### USE OF PSEUDONYM

2. Prior to the commencement of trial in this case, the persons identified as "John Doe" and "Jane Doe" and "Jane Roe" in the petition filed in this matter shall be identified as

such by the parties in any pleading, motion, or affidavit filed with the court. In addition, the true names of John Doe, Jane Doe and Jane Roe shall be redacted from any document filed with the court prior to the commencement of trial. If redactions make a document confusing or unclear, the parties may append to the document an index linking a particular pseudonym to a redaction. For deposition transcripts, the index should include page and line numbers. At trial, the parties may use the true names of John Doe, Jane Doe, and Jane Roe in argument and in the introduction of any evidence at trial, including evidence offered through testimony or exhibits. Because the pretrial order and exhibits submitted to the court through the court's pretrial proceedings must necessarily refer to John Doe, Jane Doe and Jane Roe by their true names, the parties agree to submit under seal the final pretrial order and any exhibits referring to the true identities of John Doe, Jane Doe and Jane Roe. The court will exercise discretion in deciding when to unseal these materials.

3.  Prior to the commencement of trial, the parties shall not disclose the true identities of John Doe, Jane Doe and Jane Roe to the media. The parties may use the true names of John Doe, Jane Doe and Jane Roe in issuing subpoenas, questioning or interviewing witnesses, gathering evidence and perpetuating testimony including conducting depositions and taking sworn affidavits.

## CONFIDENTIAL INFORMATION

4.  Any party to this case may designate as "<u>CONFIDENTIAL</u>" documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or disclosed by any party in this matter. "<u>CONFIDENTIAL</u>" documents may include education records, medical records, employment records, proprietary information, and any information which the producing party believes in good faith to be entitled to protection

under Rule 26(c) of the Federal Rules of Civil Procedure. The mere inclusion of the true name of John Doe, Jane Doe, or Jane Roe in a document does not necessarily render the document confidential, although the pseudonym treatment described in paragraph 2 and 3 would apply.

## DESIGNATING MATERIALS CONFIDENTIAL

5. A party may designate materials as "CONFIDENTIAL" in the following manner:

   a. <u>Documents</u>. At the time of production, a party should designate or stamp the word "CONFIDENTIAL" on any particular document. Where a document is produced in electronic form, the drive, disc or electronic media storage device shall be marked "CONFIDENTIAL." In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL" such that to the extent any party prints or reproduces any information or any documents produced in electronic format, any such printouts or reproduction shall automatically include the designation of "CONFIDENTIAL." If a party believes that a particular document or documents contained within another party's document production should be treated as CONFIDENTIAL, that party shall so notify all parties within thirty (30) days of receipt of said production. If the parties cannot agree on the CONFIDENTIAL nature of the document or documents in question, then the party seeking CONFIDENTIAL treatment may apply to the court for a protective order. Until such time as the court decides any such application all parties shall treat the disputed document or documents as CONFIDENTIAL. <u>A party does not waive its right to move to designate material "CONFIDENTIAL" after the passage of 30 days after receipt of any production.</u>

   b. <u>Interrogatories or Request for Admissions</u>. A party may designate an interrogatory or answer as "CONFIDENTIAL" by identifying it as such. Such "CONFIDENTIAL" interrogatories or responses should be made on separate pages from

any other interrogatories or answers or portions of interrogatories or answers that are not designated as "CONFIDENTIAL."

  c. Testimony. Any party giving pretrial testimony by deposition or affidavit in this action may obtain "CONFIDENTIAL" treatment for all or part of the deposition or affidavit testimony. Each paragraph of an affidavit containing CONFIDENTIAL information shall be designated as such and shall appear on a separate page from paragraphs which do not contain CONFIDENTIAL information. Deposition testimony may be designated during the course of that testimony by designating the precise testimony claimed to be "CONFIDENTIAL." The reporter shall separately transcribe and bind deposition testimony so designated as "CONFIDENTIAL" and shall mark the face of the separate bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL." This designation process is entirely separate from the manner in which the pseudonyms John Doe, Jane Doe and Jane Roe shall be used prior to trial. During deposition testimony, the real names of John Doe, Jane Doe and Jane Roe shall be used at all times. The parties – not the reporter – will be responsible for redacting real names from transcripts filed with the court or used at a hearing.

  6. "CONFIDENTIAL" materials should not be disclosed in any manner, directly or indirectly to any person other than the attorneys for the parties, witnesses, independent third parties retained or used by the attorneys of record in this litigation who have

access to "CONFIDENTIAL" materials as reasonably necessary for purposes of preparation, trial, appeal or settlement of this litigation, named parties, Plaintiff's parents, officers and employees of corporate parties who have access to "CONFIDENTIAL" materials as reasonably necessary for the purposes of preparation, trial, appeal, or settlement of this litigation. CONFIDENTIAL documents or testimony, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or the party asserting confidentiality waives the claim of confidentiality, or (b) the court orders such disclosure.

7. Each person to whom information or a document designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this order and must agree to be bound by it by executing Exhibit A before disclosure to such person of any such information or document.

### FILING AND USE IN COURT OF DESIGNATED MATERIALS

8. In the event that any party files "CONFIDENTIAL" materials with the Court supporting a motion or other court filing, the party shall file such documents under seal using the court-authorized procedure for filing documents under seal as set forth by the court's procedure.

9. This Order does not limit or waive the right of any party to object to the scope of discovery in this litigation or to the admissibility at trial of any proffered evidence, documentary or otherwise.

10. This Protective Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or proprietary in nature. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately

designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conference, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion with the court.

11. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information. The failure of a party producing information or documents to designate such materials "CONFIDENTIAL" shall <u>not</u> preclude such party from later applying to the court for the entry of a protective order.

12. Nothing contained in this Protective Order shall be construed to, prohibit any party from disclosing information and/or documents or things that are in the public domain. Likewise, the designation by a party of something as "CONFIDENTIAL" does not and shall not make any such information, document and/or thing a trade secret and/or "CONFIDENTIAL" information under law or any agreement.

### THIRD-PARTY REQUESTS FOR DESIGNATED MATERIALS

13. If any party receives a subpoena or document request from a third party that appears to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" by any party to this action, the party receiving such subpoena or document request may move to quash or modify the subpoena or obtain a protective order limiting discovery of such material and shall immediately: (a) within 10 business days of receipt of a subpoena or document requests, notify the party who designated the materials as "CONFIDENTIAL" of the receipt of the subpoena or document request; and, (b) shall not oppose any effort by the designating party to modify the subpoena or obtain a protective order limiting discovery of such material.

## RETURN OF DESIGNATED MATERIALS

14. Within ninety (90) days of the conclusion of this action, including any and all appeals, all documents, answers, transcripts, electronic media or other things or information designated as "CONFIDENTIAL" and all copies thereof, shall be destroyed. However, counsel for the parties may retain complete copies of all transcripts, pleadings and pre-trial motions, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Protective Order. This Order shall continue to be binding after the conclusion of this litigation. The United States District Court for the Southern District of Iowa shall continue to retain jurisdiction over all persons and parties bound by this Protective Order for enforcement.

IT IS SO ORDERED.

Dated August 30, 2017.

STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>vs.<br><br>GRINNELL COLLEGE, RAYNARD S. KINGTON, SARAH MOSCHENROSS, ANGELA VOOS, ANDREA B. CONNOR, and BAILEY ASBERRY,<br><br>              Defendants. | No. 4:17-cv-079-RGE-SBJ<br><br><br><br>**PROTECTIVE ORDER** |

I, _____, residing at _____ have been advised by counsel of record for _____ in *Doe v. Grinnell College et al.*, Case No. 4:17-cv-079-RGE-SBJ, of the Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Protective Order and agree to abide by its terms. I understand that the Protective Order prohibits me from disclosing confidential documents and information without permission.

_____          _____
Signed                                                                              Date