# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>       Plaintiff,<br><br>vs.<br><br>GRINNELL COLLEGE, SARAH MOSCHENROSS, ANGELA VOOS, and BAILEY ASBERRY,<br><br>       Defendants. | No. 4:17-cv-00079-RGE-SBJ<br><br>**RESISTANCE TO DEFENDANTS' MOTION TO LIMIT SCOPE OF DEPOSITION QUESTIONING AND FOR A PROTECTIVE ORDER** |

      Plaintiff files this brief in support of his resistance to Defendants' motion to limit the scope of upcoming depositions and enter an order precluding questioning about childhood sexual abuse in upcoming depositions.

## **INTRODUCTION**

      Defendants seek to limit the scope of questions asked at the upcoming depositions of admitted *third party* witnesses Marsha Ternus and Michael Norton. Moving Br. at 1, 2. These witnesses are represented by separate counsel and, accordingly, Defendants do not have standing to request the imposition of any limitations on the scope of the testimony sought at these depositions.

      Defendants mischaracterize the context in which a single question about childhood sexual abuse was asked of Ms. Voos. Defendants further suggest that a witness testifying at deposition is never required to answer questions of a personal nature and further mischaracterize the questions asked of Ms. Voos.

      Defendants omit from their Motion that Ms. Voos was testifying within the context of a

Confidential proceeding, subject to the existing Protective Order, and that Defendants have the option under that Order to mark her testimony concerning childhood sexual abuse as Confidential. Ex. 1.

Questions about sexual abuse are relevant to whether key decisionmakers in Plaintiff's case harbored innate biases that caused them to favor alleged victims of sexual abuse over the accused and whether that bias influenced their decision making. Ms. Voos was a key decisionmaker in Plaintiff's case and is also a named defendant.

## ARGUMENT

### I. "The Question In Dispute" Is Unrelated to the Questions Already Answered By Ms. Voos at Her Deposition

Purporting to address the "Question in Dispute," Defendants feign offense at the "very personal" questions asked of Ms. Voos. Moving Br. at 2-3. Yet the questions that were asked of Ms. Voos related to public statements that she made in an interview published in Grinnell's Scarlet & Black newspaper. Ex. 3. In the interview, Voos openly discussed: i) Princeton's importation of female students on the weekends (p. 2); ii) her thesis on childhood sexual abuse (p. 2); iii) having to study engineering with fellows, "in the gendered sense of the word" (p. 1); iv) the Equal Rights Amendment (p. 2); and v) that "[g]ender politics and women's studies were hot topics for me personally" (p. 2). Thus, none of the questions pointed to at pages 2-3 of Defendants' Moving Brief could be classified as uncomfortable or highly personal topics for Ms. Voos. Moreover, the charities and activism that one is involved in, areas of study, personal interests and interpersonal relationships are all relevant to whether or not a person may be biased in a particular setting—here within the framework of sexual misconduct adjudication.

Behind the smokescreen created by Defendants in their attempt to amp up a quite typical, respectful, civil and comfortable deposition, the only question to be answered here is—should Ms.

2

Voos be required to answer the question posed regarding childhood sexual abuse? Ex. 1, Voos Tr. 20:1-23:14. The answer is yes. Questions about sexual abuse are probative regarding whether key decisionmakers in Plaintiff's case harbored innate biases that caused them to favor alleged female victims of sexual abuse over the males accused and whether that bias influenced their decision making. As acknowledged in Defendants' Moving Brief "[c]hildhood sexual abuse gives rise to complicated, difficult, long-lasting emotional issues that may linger." Moving Br. at 4. This is precisely the reason why Ms. Voos was asked the question that is now in dispute. Such an event could very well impact an individual's impartiality when it comes to sensitive issues like sexual assault. It is not the intention of Plaintiff's counsel to embarrass, humiliate or harass any witnesses sitting for deposition. Plaintiff readily acknowledges that Ms. Voos' answer to the question and possible follow-up questions may indicate an absence of any implicit bias.

Should the upcoming depositions of Sarah Moschenross and Bailey Asberry be limited in scope so as to prohibit questioning about childhood sexual abuse? The answer is no. Nor should Plaintiff's counsel be required to divulge future lines of questioning for those depositions. Defendants failed to mention that this question was not asked of Andrea Conner, whose deposition was taken on Friday, August 17, 2018.

Here, Defendants erroneously assert that asking a single question about childhood sexual abuse is harassing. Moving Br. at 4. But *Van Stelton v. Van Stelton*, 2013 WL 5574566 at *4 (N.D. Iowa Oct. 2013), which they rely upon to support their assertion, is inapposite. *Van Stelten* clearly states "asking a deponent questions about personal or confidential matters, such as his or her medical history, sex life or financial condition, would quickly qualify ***if such matters had no possible relevance to the case***." *Id.* at *17 (emphasis added).

**II.     Defendants Asked Plaintiff Questions About Use of Pornography, Sexual Abuse and His Sex Life[1]**

Mr. Harty took the liberty of asking Plaintiff numerous questions that bore no relationship to the claims or defenses in this action, no less damages for "emotional distress"—there is no claim here that Plaintiff was biased, nor is he claiming that he was sexually assaulted while a student at Grinnell. He claims emotional distress resulting from the manner in which Grinnell handled his sexual misconduct case. Mr. Harty asked Plaintiff: i) if he had *ever* been the victim of violence or sexual abuse (Ex. 4, Doe Tr. at 20:3-20:9; 68:13-19); ii) whether Plaintiff is "straight" (Doe Tr. at 62:1-7, 62:20-63:3); iii) about Plaintiff's sexual orientation (Doe Tr. at 64:1-65:22); and iv) about online pornography (Doe Tr. at 89:3-16). A single question about childhood sexual abuse—which bears on Ms. Voos' relationship to students reporting sexual assault and potential bias against the accused—is a far cry from the questions previously asked by Defendants' counsel.

---

[1] These topics will certainly be the subject of a future motion to preclude.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion seeking to limit the scope of Ms. Voos' deposition and enter a protective order "forbidding Plaintiff's counsel from questioning witnesses in upcoming depositions…about childhood sexual abuse."

Dated: August 22, 2018

                                                  Respectfully submitted,

                                                  /s/ Kara L. Gorycki
                                                  Kara L. Gorycki
Andrew T. Miltenberg
Philip Byler
NESENOFF & MILTENBERG, LLP.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500
Email: kgorycki@nmllplaw.com
Email: amiltenberg@nmllplaw.com
Email: pbyler@nmllplaw.com

         -and-

                                                 /s/ David H. Goldman
                                                David H.Goldman
Phillip F. Van Liew
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa 50309
Telephone: (515) 244-4300
Email: dgoldman@babichgoldman.com
Email: pvanliew@babichgoldman.com

                                              **Attorneys for Plaintiff**