IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GRINNELL COLLEGE, SARAH MOSCHENROSS, ANGELA VOOS, and BAILEY ASBERRY,<br><br>Defendants. | No. 4:17-cv-079-RGE-SBJ<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO LIMIT SCOPE OF DEPOSITION QUESTIONING AND FOR PROTECTIVE ORDER** |

## Introduction

Plaintiff does not dispute that questioning an individual about childhood sexual abuse is a highly personal question. Plaintiff also concedes that this is a difficult topic, and quotes Defendants' brief to agree that childhood sexual abuse "gives rise to complicated, difficult, long-lasting emotional issues that may linger." Pl. Br. at 4. What Plaintiff disputes is that this evidence is discoverable and non-harassing. However, the arguments Plaintiff offers make clear that this particular line of questioning is inappropriate, should be limited, and a protective order imposed.

### I. Plaintiff's assumptions about the alleged relevance of questions of childhood sexual abuse ignores common sense and law explaining the irrelevance of victim-friendly views and policies under Title IX.

Plaintiff contends that questions seeking information about childhood sexual abuse from Ms. Voos is "directly related to her position as Title IX Coordinator at Grinnell, which required her to directly interact with students reporting sexual abuse, meet with them and determine how to proceed in their cases." Pl. Resistance (docket no. 76), at ¶ 3. Plaintiff then concludes,

without analysis, that this highly personal information "bears directly on any potential bias she may have in favor of alleged victims of sexual abuse." *Id.* at ¶ 3.

Plaintiff's argument makes two assumptions that lack a logical basis. First, Plaintiff assumes that evidence of childhood sexual abuse necessarily factors into the professional decision-making process of an adult who is decades removed from their childhood. Common sense dictates that it does not, and Plaintiff offers nothing but speculation to make this point. If this were the case, then it would mean that in any litigated matter involving professional discretion or decision-making, such as a decision-maker in a sexual harassment lawsuit, a witness could be expected to divulge similar information.

Second, and perhaps more important, Plaintiff argues that personal experience of childhood sexual assault may lead to "favor of alleged victims of sexual abuse," which Plaintiff contends is relevant to an inquiry of sex bias under Title IX. *See* Pl. R. at ¶ 4. It's not. Victim-friendly views or policies are not evidence of sex discrimination under Title IX, since both men and women, unfortunately, are victims of sexual assault in higher education. "Demonstrating that a university official is biased in favor of the alleged victims of sexual assault claims, and against the alleged perpetrators, is not the equivalent of demonstrating bias against male students." *Doe v. Univ. of St. Thomas*, 240 F. Supp. 3d 984, 991 (D. Minn. 2017) (quoting *Sahm v. Miami Univ.*, 110 F. Supp. 3d 774, 778 (S.D. Ohio 2015)).

So, even if a victim of childhood sexual abuse was influenced by that experience in their adult professional decision-making process, and if that experience led to "favor" for alleged victims, it has no material effect to any decision-making process under Title IX.

Plaintiff also concedes that his counsel was able to question witnesses about every other area that Plaintiff believes may demonstrate some kind of bias (as to victims, as to men, or

otherwise), such as charitable donations, gender studies, politics, and other areas. Given the wide-ranging discovery Plaintiff used to explore potential bias, Plaintiff cannot claim he has been prevented from discovery into this area. Federal Rule of Procedure 26 allows the Court to limit discovery under this circumstance. *See* Fed. R. Civ. P. 26(b)((2)(C)(ii) (providing the Court "must limit the frequency or extent of discovery . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information in discovery.").

## II. Plaintiff's claim for emotional distress damages requires an understanding of other matters that had caused him distress and potential impact on his mental health.

Plaintiff argues that because he was asked questions about sources of mental distress in his life, including prior trauma such as assault, he is entitled to ask the same questions of Defendants. The law is not "what's good for the goose is good for the gander." The law asks whether the requested information is discoverable, and as to Ms. Voos or other witnesses, whether it is harassing. *See* Def. Opening Br.

As Mr. Harty explained on the record at the deposition, he asked Plaintiff questions about sources of his emotional distress because Plaintiff was seeking emotional distress damages. Plaintiff claims that he experienced emotional distress due to Defendants' conduct. Plaintiff did not object to questions that were designed to better understand Plaintiff's baseline emotional distress, or sources of other distress in his life, to take discovery into this claim. Neither Ms. Voos nor any other party or witness in this case seeks emotional distress damages. Comparing the questioning between Plaintiff and other witnesses who do not seek emotional distress damages is an unhelpful exercise.

## III. A protective order as to all upcoming depositions is appropriate.

Plaintiff also urges the Court to refrain from entering an order that would limit discovery in the upcoming depositions to exclude questions about childhood sexual assault. *See* Pl. Br. at 1 & 4. Plaintiff offers no better justification for asking these witnesses about their experience with childhood sexual assault, and Defendants contend the same arguments apply to their depositions as they apply to Ms. Voos's.

Plaintiff also contends Defendants lack standing to seek a limitation or protection for non-party witnesses (Justice Ternus and Michael Norton). However, Rule 26(b)(2)((C)(ii) does not require that the motion for relief come from the deposed party. It justifies relief "on motion or on its own." *See id.* And, in the interest of avoiding repeated requests for identical relief, judicial economy justifies an order on this matter for all upcoming depositions.

**Conclusion**

For the foregoing reasons and the reasons stated in their opening brief, Defendants respectfully ask the court to issue an order under Rules 26 and 30 limiting the scope of Ms. Voos's deposition and entering a protective order forbidding Plaintiff's counsel from questioning witnesses in upcoming depositions (former Chief Justice Marsha Ternus, Michael Norton, Bailey Asberry, and Sarah Moschenross) about childhood sexual abuse.

/s/ Frank Boyd Harty
Frank Boyd Harty
Nyemaster Goode, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com

and

/s/ Frances M. Haas

Frances M. Haas
Nyemaster Goode, P.C.
625 First Street SE, Suite 400
Cedar Rapids, Iowa 52401
Telephone: 319-286-7000
Facsimile: 319-286-7050
Email: fmhaas@nyemaster.com

ATTORNEYS FOR DEFENDANTS GRINNELL COLLEGE, SARAH MOSCHENCROSS, ANGELA VOOS, AND BAILEY ASBERRY

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2018 I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to the following:

David H. Goldman, Esq.
Phillip F. Van Liew, Esq.
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa 50309
Telephone: (515) 244-4300
Email: dgoldman@babichgoldman.com
Email: pvanliew@babichgoldman.com

-AND-

Andrew T. Miltenberg, Esq. (*pro hac vice*)
Tara J. Davis, Esq. (*pro hac vice*)
NESNOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500
Email: AMiltenberg@nmllplaw.com
Email: tdavis@nmllplaw.com

ATTORNEYS FOR PLAINTIFF JOHN DOE

/s/ Shannon Greenman