# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN DOE, | * | CIVIL NO. 4:17-cv-00079-RGE-SBJ |
| Plaintiff, | * | |
| v. | * | |
| GRINNELL COLLEGE, | * | **ORDER** |
| SARAH MOSCHENROSS, | * | |
| ANGELA VOOS, | * | |
| and BAILEY ASBERRY, | * | |
| Defendants. | * | |

Before the Court is a Motion to Limit Scope of Deposition Questioning and for Protective Order (Dkt. 71) filed by Defendants on August 21, 2018. As explained therein, during the deposition of defendant Angela Voos, Plaintiff's counsel asked Ms. Voos if she was sexually abused as a child. Defendants' counsel objected and instructed Ms. Voos not to answer. Defendants now request the Court to order "that no defense witness is required to testify to any childhood sexual abuse." *Id.* p. 2.

Plaintiff filed a Resistance (Dkt. 76) on August 22, 2018. Plaintiff explains Ms. Voos was asked whether she was sexually abused as a child as part of a larger discussion about her senior thesis paper entitled "Sexual Abuse of Children: Cultural Rules in Conflict" while attending Princeton University. *Id.* ¶ 2. Plaintiff further explains the "question was not intended to harass Ms. Voos, but directly related to her position as Title IX Coordinator at Grinnell [College], which required her to interact with students reporting sexual abuse, meet with them and determine how to proceed in their cases." *Id.* ¶ 3. Plaintiff contends "[q]uestions about sexual abuse are relevant to whether key decisionmakers in Plaintiff's case harbored innate biases that caused them to favor alleged victims of sexual abuse over the accused and whether that bias influenced their decision

making." Dkt. 76-3 p. 3. Plaintiff urges the Court to deny the request to limit the scope of Ms. Voos' deposition or to forbid future questioning of other witnesses about childhood sexual abuse. *Id.* p. 6.

Defendants filed a Reply Brief (Dkt. 78) on August 23, 2018. They emphasize Ms. Voos was questioned during the deposition on several topics related to potential bias. *Id.* pp. 2-3. From their perspective, "[g]iven the wide-ranging discovery Plaintiff used to explore potential bias, Plaintiff cannot claim he has been prevented from discovery into this area." *Id.* p. 3. Defendants further reiterate their request for a protective order forbidding Plaintiff's counsel from questioning future deponents about childhood sexual abuse. *Id.* pp. 3-4.

The Court considers the motion fully submitted. Oral argument by counsel is not necessary, L.R. 7(c), nor practical given expedited relief was requested by Defendants. For the reasons which follow, the motion will be granted in part and denied in part.

The Federal Rules of Civil Procedure govern the procedure in all civil actions before this Court, including the discovery process and taking of depositions. Pursuant to Rule 26(b), and unless otherwise limited by court order, the scope of discovery in general is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding certain discovery or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

In addition, under Rule 30, a deponent or party may move at any time during a deposition "to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). "The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3)(B).

After considering the parties' submissions, the Court finds sufficient good cause exists under Rule 26(c) to forbid discovery as to whether defendant Angela Voos was sexually abused as a child. In the Court's opinion, based upon the record submitted by the parties, such inquiry of Ms. Voos is unreasonably annoying, embarrassing, and oppressive. Further, under Rule 26(b) and the present record, the Court finds such discovery from Ms. Voos has minimal if any relevance to the claims and defenses asserted in this matter, or importance in resolving those issues. In addition, the issue of potential bias appears to have been thoroughly explored during Ms. Voos' deposition. Accordingly, Ms. Voos shall not be required to answer or otherwise respond to discovery or questioning as to whether she was sexually abused as a child. To this extent, defendants' motion shall be, and is hereby, granted.

The request for a broad protective order "that no defense witness is required to testify to any childhood sexual abuse" shall be denied, however, as premature, but without prejudice. It is unknown whether Plaintiff will seek similar discovery from other defendants or witnesses. Moreover, the particular context under which such inquiry might be made, along with circumstances particular to any such defendants or witnesses, are also unknown. As such, Plaintiff will not be foreclosed from asking any specific question of future deponents. Nor are those deponents foreclosed from making any appropriate objection or motion in response.

IT IS SO ORDERED.

Dated August 29, 2018.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE