IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>GRINNELL COLLEGE, SARAH MOSCHENROSS, ANGELA VOOS, and BAILEY ASBERRY,<br><br>Defendants. | No. 4:17-cv-079-RGE-SBJ<br><br><br><br>**DEFENDANTS' RESISTANCE TO PLAINTIFF'S RULE 56(d) MOTION** |

## **TABLE OF CONTENTS**

**Introduction** ......................................................................................................... 1

I.   **Procedural Background.** ................................................................................ 1

    A.   **Despite having identified his OCR pressure theory prior to initiating this case, Plaintiff waited sixteen months to serve a subpoena on OCR requesting documents.** .............................................................................................1

    B.   **Despite having identified his "pattern" of discrimination theory prior to initiating case, Plaintiff waited until the last possible date to serve a timely written request related to this theory.** ..............................................................2

    C.   **Defendants' motion for summary judgment identifies the theories Plaintiff alleged in his Complaint over a year ago, and for which he had ample time for discovery.** .....................................................................................2

II.  **Rule 56(d) applies when a party has not had adequate time for discovery, but Plaintiff had the full benefit of discovery for nearly a year before it closed.** .............. 3

III. **Plaintiff's request is inappropriate in light of his lack of diligence.** ............................ 5

IV.  **Plaintiff's affidavit is insufficient because it is conclusory, speculative, and fails to identify how the information sought will generate issues of material fact.** ................. 7

    A.   **Plaintiff's request for the OCR investigation materials is unnecessary in light of the extensive discovery conducted already.** ....................................................9

    B.   **Plaintiff fails to explain how the Ternus Opinions are probative of evidence of gender bias, and omits that he had a full and fair opportunity to conduct discovery of alleged bias by Ternus.** ..............................................................11

V.   **The alternative relief Plaintiff seeks is unnecessary and should be denied.** .............. 14

I

**VI.**     **Conclusion.** ......................................................................................................... **14**

## Introduction

Rule 56(d) motions are "not designed to give relief to those who sleep on their rights." *Rivera-Torres v. Ray-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007). Yet, that is precisely what Plaintiff attempts. The two discovery items he claims as a basis for his motion were served after discovery had been open for nearly a year, and shortly before it closed. Plaintiff's lack of diligence defeats his ability to obtain Rule 56(d) relief. Additionally, Plaintiff has already explored the topics at issue in his discovery requests, and his effort to take additional discovery into the same topic to see what else he may find amounts to nothing more than a fishing expedition. His Rule 56(d) Motion (docket no. 105) should be denied.

## I.      Procedural Background.

On March 2, 2017, Plaintiff filed his Complaint (docket no. 1). According to the trial scheduling order entered September 20, 2017 (docket no. 50), discovery was to be completed by no later than August 31, 2018. The Court amended the deadline, at plaintiff's request, to September 7, 2018 (docket no. 67). *See* docket no. 68. The dispositive motions deadline was October 5, 2018. *See id.*

### A.      Despite having identified his OCR pressure theory prior to initiating this case, Plaintiff waited sixteen months to serve a subpoena on OCR requesting documents.

On July 17, 2018, ten months into discovery, Plaintiff subpoenaed the Office for Civil Rights ("OCR"). The OCR had previously investigated Grinnell following a complaint that issued before Plaintiff's enrollment at Grinnell. Plaintiff sought documents from OCR to support his theory that the OCR somehow induced Grinnell to engage in gender-based discrimination, or that Grinnell experienced "pressure" to reach biased outcomes due to the OCR's. The subpoena is currently the subject of the Department of Education's ("DOE") filed a Motion to Quash (docket no. 80).

1

Through his subpoena to OCR, Plaintiff sought, among other things, documents relating to OCR's decision to commence the Grinnell investigation, changes that Grinnell made to its Title IX policy and procedures due to the OCR's investigation, internal documents memorializing interviews that OCR officials conducted during its investigation, and other documents. *See* Rule 56(d) Motion at 5.

This is a theory Plaintiff identified at the inception of his case. *See* Cmplt. at ¶¶ 25-29. Plaintiff offered no explanation for why he waited until the eleventh hour to make this request from OCR.

**B.      Despite having identified his "pattern" of discrimination theory prior to initiating case, Plaintiff waited until the last possible date to serve a timely written request related to this theory.**

On August 1, 2018, the last possible date to timely serve a written discovery request, Plaintiff served a discovery request for "copies of all Opinions issued by Marsha Ternus with respect to sexual misconduct cases that were formally investigated at Grinnell College and any accompanying reports by Ms. Ternus which recommended sanctions[.]" A copy of Plaintiff's Fourth Request for Production of Documents is attached as Exhibit A. On October 3, 2018, this Court granted Plaintiff's Motion to Compel, providing twenty-one days for Defendants to notify students that records may be disclosed. *See* Order (docket no. 107). Defendants did not resist this motion.

**C.      Defendants' motion for summary judgment identifies the theories Plaintiff alleged in his Complaint over a year ago, and for which he had ample time for discovery.**

On September 26, 2018, several weeks after the close of discovery, Defendants filed their Motion for Summary Judgment. *See* docket nos. 94, 94-1, 94-2, 99, 100. In their Motion, Defendants seek summary judgment on all remaining claims in this case, including Plaintiff's Title IX claim. Plaintiff only identifies the Title IX claim as a basis for relief in the instant

Motion—he does not argue that he needs an extension to resist any other claim subject to Defendants' summary judgment motion. Motion (docket no. 105) at ¶¶ 15-22.

To defeat Defendants' motion on the Title IX claim, Plaintiff must generate an issue of fact that suggests Grinnell erroneously found him responsible for sexual misconduct based on intentional sex discrimination. *See* Brief at 2-3. From the outset of this case, Plaintiff has alleged throughout this litigation that multiple sources of evidence suggest sex bias, including alleged "pressure" from the OCR, and that Grinnell, through Justice Ternus, has engaged in a pattern of decision-making that is biased against male students. *See* Compl. ¶¶ 25-29; 62-64.

Knowing that these very theories were what Plaintiff was counting on to support his claim of sex bias, Plaintiff has had ample opportunity to conduct discovery on these issues. He has done so. His effort to take additional discovery at the eleventh hour is not a basis for relief under Rule 56(f).

## II.   Rule 56(d) applies when a party has not had adequate time for discovery, but Plaintiff had the full benefit of discovery for nearly a year before it closed.

Generally, "summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014) (quoting *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP*, 687 F.3d 1045, 1049 (8th Cir. 2012)). To this end, Federal Rule of Civil Procedure 56(d)[1] "exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Id.* (quoting *Hamilton*, 687 F.3d at 1050).

In order to be successful on a Rule 56(d) motion, "the party opposing summary judgment

---

[1] In the 2010 amendments to the Federal Rules of Civil Procedure, former Rule 56(f) was "recodified" as Rule 56(d), though the two provisions operate in substantively similar manners. *See Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012).

must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* (alteration in original) (quoting *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010)); *see also Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.*, 162 F.3d 991, 996 (8th Cir. 1998) ("Absent . . . a showing [that discovery has been inadequate], summary judgment is appropriate despite incomplete discovery."). This affidavit must include: "(1) . . . the specific facts [the nonmoving party] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Id.* at 895 (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). In other words, the affidavit must "identify specific facts that discovery might uncover and show how those facts would rebut [the movant's] showing of the absence of genuine issues of material fact." *Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012). An affidavit which merely states that the "additional discovery will further bolster and support plaintiff's claims and raise additional disputed facts that would defeat defendant's motion" is insufficient. *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP*, 687 F.3d 1045, 1050 (8th Cir. 2012).

The moving party "must explain 'with some precision' what materials the party seeks to procure through additional discovery and how the information acquired will help the party oppose summary judgment." *Nat'l Sur. Corp. v. Dustex Corp.*, 291 F.R.D. 321, 328 (N.D. Iowa 2013); *see also Stanback v. Best Diversified Prods., Inc.*, 120 F.3d 903, 911 (8th Cir. 1999) (noting that a Rule 56(d) affidavit cannot rely on "sheer speculation" as to the facts to be discovered); *Equal Emp't Opportunity Comm'n v. Am. Home Prods. Corp.*, 199 F.R.D. 620, 631 (N.D. Iowa 2001) (denying a Rule 56(d) motion because the declaration was couched only in

4

"conclusory assertions of the inferences counsel expects a trier of fact will be able to draw").

"It is well settled that Rule 56(d) does not condone a fishing expedition where plaintiff merely hopes to uncover some plausible evidence of unlawful conduct." *Toben*, 751 F.3d at 894 (internal quotation marks and alterations omitted) (quoting *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)). Additionally, "Rule 56[(d)] 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" *Hamilton*, 687 F.3d at 1050 (internal quotation marks omitted) (quoting *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1087, 1081 (8th Cir. 1993)).

Finally, Rule 56(d) motions are "not designed to give relief to those who sleep on their rights." *Rivera-Torres*, 502 F.3d at 10. "To make use of Rule 56(d), a party must demonstrate good cause for failure to have conducted the discovery earlier." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 29 (1st Cir. 2013) (citation and internal quotation marks omitted).

### III.   Plaintiff's request is inappropriate in light of his lack of diligence.

Plaintiff's Rule 56(d) Motion is inappropriate in light of his lack of diligence to serve the discovery at issue in this motion prior to the last few weeks of discovery in this case. Rule 56(d) "is not designed to give relief to those who sleep on their rights." *Rivera-Torres*, 502 F.3d at 10. Discovery was open for nearly a year. Plaintiff waited to serve the OCR subpoena and request for the Ternus opinions until the last six weeks and thirty days, respectively, of discovery. Plaintiff's lack of diligence on this issue alone justifies denial of his motion. *See Rivera-Almodovar*, 730 F.3d at 29 (plaintiff's last-minute service of discovery was insufficient to justify Rule 56(d) motion); *see also Stough v. Conductive Techs., Inc.*, 613 F. App'x 145, 148 (3d Cir. 2015) (holding plaintiff's service of written discovery requests one day before deadline of

service was too tardy to justify a Rule 56(d) continuance).

Plaintiff has had the opportunity to make multiple requests for production of documents, has propounded interrogatories, and deposed or defended eight depositions, including a Rule 30(b)(6) deposition for the college. At the outset of discovery, Plaintiff served fifty-three document requests on Defendants, to which Defendants responded. A copy of Plaintiff's First Request for Production of Documents is attached as Exhibit B. Knowing what his theories of sex bias were from the outset of the case, Plaintiff has no excuse for failing to take full advantage of discovery on these issues earlier than he did. Discovery has now closed, and Plaintiff seeks to delay the adjudication of summary judgment by seeking documents that he could have requested or subpoenaed months ago. Indeed, Plaintiff admits in his Motion that discovery had been completed "for the most part" by the discovery deadline. Motion ¶ 6.

"In analyzing whether a claim is ripe for summary judgment, a district court has discretion to determine whether the parties have had adequate time for discovery . . . ." *Stanback*, 120 F.3d at 910; *see also Pony Computer*, 162 F.3d at 996 (8th Cir. 1998) (noting that where parties had a year to conduct discovery, the Rule 56(d) motion was properly denied); *Roe v. St. Louis Univ.*, 746 F.3d 874, 887 (8th Cir. 2014) (a discovery period of fifteen months with multiple extensions was a factor in denying a Rule 56(d) motion). Additionally, courts consider whether the discovery deadline has been extended to accommodate further discovery. *See Stanback*, 120 F.3d at 911. Here, both of these factors weigh against granting Plaintiff's Rule 56(d) Motion.In short, if the Court granted Defendants' motion for summary judgment, Plaintiff would have no basis to argue that he was "unfairly thrown out of court by a premature motion for summary judgment." *Toben*, 751 F.3d at 1984.

Whatever the outer limits of Rule 56(d), Plaintiff cannot wield it as a sword to delay

adjudication of a timely motion for summary judgment merely because he suspects that more information helpful to his case may be available. *Cf. Hamilton*, 687 F.3d at 1050. Courts within the Eighth Circuit recognize this most basic principle of trial management and have denied Rule 56(d) motions for discovery in cases where a plaintiff has had much less an opportunity for discovery than Plaintiff. *See, e.g.*, *Johnson v. ADP Screening & Selection Servs., Inc.*, 786 F. Supp. 2d 979, 982 (D. Minn. 2011) (denying motion to delay summary judgment determination because plaintiff waited over three months after scheduling order to seek salient discovery). A similar result is appropriate here.

## IV.   Plaintiff's affidavit is insufficient because it is conclusory, speculative, and fails to identify how the information sought will generate issues of material fact.

The declaration that Plaintiff's counsel submitted is conclusory and too speculative to justify Rule 56(d) relief. Plaintiff's counsel concludes that the Ternus Opinions "are directly relevant to" the issue of whether there is a "pattern of bias" and "*may* constitute *additional* evidence in support of Plaintiff's arguments in support of his Title IX claim, more specifically that a pattern of decision making existed which was influenced by gender." Declaration of Kara L. Gorycki (docket no. 105-1) ("Declaration") ¶¶ 13, 14 (emphasis added). Plaintiff's counsel also alleges that she believes the Ternus Opinions "*could* demonstrate a pattern of decision making with respect to Justice Ternus as well as Grinnell, *depending on* how her opinions and reports align with the ultimate outcome in a given case," and "whether gender bias influenced other outcomes. *Id.* (Emphasis added.) Plaintiff stresses that, "*depending on* how [Justice Ternus's] opinions and reports align with the outcome in a given case," they might shed light on his alleged pattern of biased outcomes. *Id.* ¶ 15 (emphasis added).

With respect to the documents requested from the OCR, Plaintiff's Rule 56(d) declaration states that such documents "*may* provide *additional* evidence of pressure on Grinnell to conform

its policies or procedures to the OCR investigation, or memorialize statements made by Grinnell employees or others involved in the investigation that indicate gender bias." *Id.* ¶ 19 (emphasis added).

The Declaration reveals Plaintiff's basis for Rule 56(d) relief is too speculative. Affidavits submitted in support of Rule 56(d) motions "must explain 'with some precision' . . . how the information acquired will help the party oppose summary judgment." *Dustex Corp.*, 291 F.R.D. at 328. And mere speculation as to what the party may find is insufficient to warrant delay of the adjudication of a timely motion for summary judgment. *See Stanback*, 120 F.3d at 911. Yet, this is precisely the deficiency from which the Declaration suffers. Rather than explain *how* the sought-after documents will support his resistance to Defendants' allegations that no evidence of gender-bias exists, Plaintiff makes the conclusory statements that such documents "may" provide "additional" evidence that Grinnell was under pressure to "conform its policies or procedures" to the OCR's investigation or that a biased pattern of decision-making existed. Declaration ¶¶ 13-15, 19.

Besides the fact that Plaintiff has not clearly articulated why this evidence is salient to resist the summary judgment motion, Plaintiff has further admitted that he is generally seeking to cast a wide net to potentially catch "memorialized statements made by Grinnell employees or others involved in the investigation that indicate gender bias" and "evidence of the decisionmaking process that [Justice] Ternus engaged in, the underlying facts and what sanctions Justice Ternus actually recommended in a given case." Declaration ¶¶ 13-15, 19. He does not explain how these documents will permit him to respond to Defendants' allegations in their motion for summary judgment. Cases are clear, moreover, that this type of fishing expedition is improper under Rule 56(d). *Toben*, 751 F.3d at 894.

Additionally, for the reasons stated below, Plaintiff has had ample opportunity to conduct discovery into these areas and, in fact, *has* conducted discovery sufficient to respond to the allegations in Defendants' motion for summary judgment. Presumably, this is why Plaintiff believes the information he seeks now is in "addition" to other alleged evidence of discrimination in his possession. *See* Gorycki Dec. ¶¶ 13-15. As such, any additional delay based on Plaintiff's Rule 56(d) Motion would be simply to permit Plaintiff to gather and submit cumulative evidence. This is improper under Rule 56(d)—merely stating the "additional discovery will further bolster and support plaintiff's claims and raise additional disputed facts that would defeat defendant's motion" is insufficient. *Hamilton*, 687 F.3d at 1050.

### A. Plaintiff's request for the OCR investigation materials is unnecessary in light of the extensive discovery conducted already.

In his First Set of Requests for Production of Documents, Plaintiff requested the following categories of documents in his Request Nos. 2, 3, and 5, respectively:

- "All documents and communications concerning Defendants' interactions and/or communications with the United States Department of Education Office for Civil Rights from January 1, 2011 to the present date";

- "All documents and communications concerning the investigation of Grinnell commenced by the Office for Civil Rights on July 22, 2015"; and

- "All documents and communications concerning Grinnell's request to the Office for Civil Rights in or about March 2015 that the Office for Civil Rights investigate its handling of sexual misconduct cases."

*See* Exhibit B. In response to these collective requests, Defendants produced 6,915 pages of documents. *See* Supplemental Response to Plaintiff's First Request for Production of Documents (docket no. 86-2).

Plaintiff also took a Rule 30(b)(6) deposition, at which Angela Voos was designated as Grinnell's representative. Excerpts of the 30(b)(6) Deposition are attached as Exhibit C. At the 30(b)(6) deposition, Plaintiff questioned Grinnell extensively about its dealings with OCR,

including: (1) its request for technical assistance from the OCR in response to an article about

Grinnell's sexual misconduct policies appearing in the Huffington Post, *see* Exhibit C at 2, 6

[30(b)(6) Dep. 58:11-60:22; 75:25-76:4]; (2) Grinnell's stance on the OCR's Dear Colleague

letter and Grinnell's attempts to align its sexual misconduct policies with the guidelines set forth

in the Dear Colleague letter, *see id.* at 3-6 [30(b)(6) Dep. 62:14-75:24]; and (3) Grinnell's

response to the OCR investigation that is apparently the subject of its subpoena currently

pending with the OCR, *see id.* at 6-8 [30(b)(6) Dep. 76:5-81:19].

 During this deposition, Plaintiff engaged in the following line of questioning:

> Q. In response to the commencement of the OCR investigation, did Grinnell
> implement any sexual misconduct policy revisions?
>
> **A. No. Sorry. Directly in response to getting this letter, did we change
> our policy, you're asking? The answer is no.**

*Id.* at 7 [30(b)(6) Dep. 80:2-7] (formatting in original). Plaintiff could have, but did not, engage

in any further questioning about any other communications Grinnell had with OCR, and did not

delve into questions regarding any "pressures" Grinnell might have felt to reach biased outcomes

due to the OCR investigation.

 In Voos's separate fact-witness deposition, Plaintiff asked Voos about her involvement

and communications with the OCR, both with respect to President Kington's request to the OCR

for technical guidance, and the subsequent investigation by the OCR. Excerpts from Voos's

deposition are attached as Exhibit D. *See, e.g.*, Exhibit D at 2-3, 5, 7 [Voos Dep. 33:9-34:14;

38:13-20; 47:20-51:2; 87:14-88:7]. Similarly, in Asberry's deposition, excerpts of which are

attached as Exhibit E, Plaintiff asked about the role of the OCR and its Dear Colleague letter in

shaping Grinnell's policies, President Kington's request to the OCR for technical guidance, and

the OCR investigation. *See, e.g.*, Exhibit E at 3-5 [Asberry Dep. 52:11-59:10]. In Moschenross's

deposition, excerpts of which are attached as Exhibit F, Plaintiff asked about her involvement

with the OCR investigation. *See, e.g.*, Exhibit F at 7-8 [Moschenross Dep. 156:10-157:6].

Notably, in none of these lines of questioning, even though some explicitly pertained to

communications with and involvement in the OCR's investigation, and even changes to

Grinnell's sexual misconduct policy as a result of OCR guidance, did Plaintiff engage in

extensive questioning about whether Grinnell felt "pressured" to reach certain outcomes. He

offers no reason why he failed to do so in the instant motion.

Instead, Plaintiff served an eleventh hour subpoena on the DOE requesting documents

that have already largely been produced by Grinnell. Nevertheless, considering the extensive

documentation Defendants have provided to Plaintiff regarding the OCR, and deposition

testimony from Grinnell personnel, Plaintiff has more than adequate factual basis to admit or

attempt to contradict Defendant's statements about alleged pressure OCR exerted over Grinnell

in the Motion for Summary Judgment. What Plaintiff cannot do is embark on a fishing

expedition for speculative statements in the OCR's documents that may or may not contradict the

established facts.

> **B.      Plaintiff fails to explain how the Ternus Opinions are probative of evidence of gender bias, and omits that he had a full and fair opportunity to conduct discovery of alleged bias by Ternus.**

Plaintiff fails to elaborate on exactly how receipt of Justice Ternus's prior conduct

adjudication decisions and sanctions recommendations will provide evidence of gender bias. As

explained more fully in Defendants' motion for summary judgment, merely citing statistical

evidence of whether Grinnell has processed more sexual misconduct claims against male

respondents than female respondents, or other such similar quantitative evidence, is insufficient

to establish gender bias and defeat summary judgment. *See* Brief in Support of Motion for

Summary Judgment at 20-21. Moreover, Plaintiff does not explain, nor can he, how exactly

evidence of how Justice Ternus makes decisions and sanctions recommendations will demonstrate gender bias. Plaintiff hasn't explained *how* the other Ternus Opinions would reveal in any meaningful way whether the conduct process at Grinnell is biased against males. His conclusory statements that this information will provide such evidence is insufficient under Rule 56(d).

Perhaps more important, Plaintiff engaged in meaningful discovery of Justice Ternus and her decision-making process. For example, Plaintiff asked Justice Ternus at her deposition about being hired to serve as the adjudicator for Grinnell's conduct proceedings. Excerpts from Justice Ternus's deposition are attached as Exhibit G. *See* Exhibit G at 3-4 [Ternus Dep. 19:14-21:11]. Plaintiff also discussed Justice Ternus's training as adjudicator with her at her deposition. *See id.* at 4-8 [Ternus Dep. 23:8-37:8]. Plaintiff also asked about whether Justice Ternus had preconceptions of the standards and training presented to her as an adjudicator based on her previous position as an Iowa Supreme Court Justice. *See id.* at 5-7 [Ternus Dep. 28:16-24; 31:24-32:21; 35:8-11]. Plaintiff questioned Justice Ternus about what he perceived as bias in the credibility determinations she made with respect to John Doe and Jane Roe. *See id.* at 12 [Ternus Dep. 142:10-144:22]. Justice Ternus also discussed her process in conducting her adjudications according to Grinnell's sexual misconduct policy. *See id.* at 9-11 [Ternus Dep. 42:12-43:19; 58:18-59:20; 110:19-111:10].

With respect to Justice Ternus's recommendations on education outcomes, Plaintiff engaged in extensive questioning with her about her process and the propriety of such outcomes. *Id.* at 13-14 [Ternus Dep. 154:10-157:18]. In fact, Plaintiff asked whether Justice Ternus knew that Plaintiff "would be the first dismissal at Grinnell for sexual misconduct," to which she answered that she did not. *Id.* at 13 [Ternus Dep. 155:8-17]. What Plaintiff did not ask explicitly

was about the other recommendations Justice Ternus had made in other adjudications. He did not

ask whether she had recommended the sanction of dismissal in another proceeding for which she

was the adjudicator.

Similarly, Plaintiff discussed the process of selecting and issuing sanctions in sexual

misconduct cases. In Moschenross's deposition, Plaintiff asked her about the process for

selecting and issuing a sanction in a sexual misconduct case. *See* Exhibit F at 2-4 [Moschenross

Dep. 115:17-121:18]. Moschenross, who is the Grinnell employee who selects outcomes in

conduct adjudication cases, was also asked about her trainings and probed about her

preconceptions and alleged biases against respondents and toward complainants. *See, e.g.*, *id.* at

6-7 [Moschenross Dep. 152:11-156:9]. Plaintiff asked whether Moschenross was aware that

Plaintiff was the first person dismissed from Grinnell since Justice Ternus began as an external

adjudicator, despite the fact that others had been found responsible for sexual misconduct, to

which she replied that she was not. *See id.* at 5 [Moschenross Dep. 144:5-20].

In Voos's deposition, Plaintiff asked Voos about a compilation of data found by a survey

conducted by Grinnell on sexual misconduct, and specifically asked whether there was "any

concern . . . that segregating out Judge Ternus's outcomes would show that she was issuing

harsher sanctions than had previously been issued in student conduct board cases." Exhibit D at 8

[Voos Dep. 187:1-6]. Voos replied that that was not a concern because Justice Ternus "wasn't"

issuing harsher sanctions. *Id.* Voos also testified about a case that Grinnell had adjudicated in

which a person was found responsible for sexual misconduct but was not suspended or

dismissed. *See id.* at 4 [Voos Dep. 41:14-42:2]. Plaintiff did not take the opportunity at that time

to ask about other students found responsible for sexual misconduct, the sanctions recommended,

and the outcome ultimately received. Asberry was specifically asked about dismissal as a

sanction and whether other Grinnell students had been dismissed for sexual misconduct. *See* Exhibit E at 6 [Asberry Dep. 165:11-24]. Asberry stated that she did not know. *Id.*

Clearly, Plaintiff had the opportunity to ask both Justice Ternus and Grinnell personnel about the decision-making and sanctions process and the alleged pattern of decision-making. In fact, he did so. Any additional information that Plaintiff would glean from the prior conduct adjudication decisions and sanctions recommendations for other students would be, at best, cumulative. This is not a basis for Rule 56(d) relief.

## V.      The alternative relief Plaintiff seeks is unnecessary and should be denied.

In an alternate request for relief, Plaintiff requests that the Court grant him leave to file supplemental briefing after receipt of the OCR materials or Ternus Opinions. Motion ¶¶ 16, 23. For the reasons discussed above, this alternative relief is unnecessary at this time. It's also premature. If Plaintiff determines, after receiving Justice Ternus's opinions and the OCR documents, that a supplement to his response to the motion for summary judgment is necessary, he may make an application to submit supplemental briefing at that time. Until such time, Plaintiff's request is based on pure speculation as to what he may or may not uncover in the requested documents, and is an insufficient reason to impede full briefing and submission of the motion for summary judgment. Plaintiff's request alternative relief is inappropriate at this time and should be denied.

## VI.     Conclusion.

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Rule 56(d) Motion and enforce the deadline for resisting their motion for summary judgment.

/s/  Frank Boyd Harty
Frank Boyd Harty
Nyemaster Goode, P.C.

14

700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com

and

/s/ Frances M. Haas
Frances M. Haas
Nyemaster Goode, P.C.
625 First Street SE, Suite 400
Cedar Rapids, Iowa  52401
Telephone:  319-286-7000
Facsimile: 319-286-7050
Email:  fmhaas@nyemaster.com

ATTORNEYS FOR DEFENDANTS GRINNELL
COLLEGE, RAYNARD S. KINGTON, SARAH
MOSCHENCROSS, ANGELA VOOS, ANDREA
CONNOR, AND BAILEY ASBERRY

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018 I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to the following:

David H. Goldman, Esq.
Phillip F. Van Liew, Esq.
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa  50309
Telephone:  (515) 244-4300
Email: dgoldman@babichgoldman.com
Email: pvanliew@babichgoldman.com

-AND-

Andrew T. Miltenberg, Esq. (*pro hac vice*)
Tara J. Davis, Esq. (*pro hac vice*)
Kara L. Gorycki, Esq. (*pro hac vice*)
Philip Byler, Esq. *(pro hac vice)*
NESNOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500
Email: AMiltenberg@nmllplaw.com
Email: tdavis@nmllplaw.com
Email: kgorycki@nmllplaw.com
Email: pbyler@nmllplaw.com

ATTORNEYS FOR PLAINTIFF JOHN DOE

/s/ *Shannon Greenman*_____