IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>GRINNELL COLLEGE, SARAH MOSCHENROSS, ANGELA VOOS, and BAILEY ASBERRY,<br><br>        Defendants. | No. 4:17-cv-079-RGE-SBJ<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION *IN LIMINE***<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to Federal Rule of Evidence ("FRE") 104, and the Court's Order Regarding Final Pre-Trial Conference Requirements (ECF No. 51), Plaintiff John Doe ("Plaintiff"), moves for an order in advance of trial regarding the admissibility of certain evidence, exhibits, testimony and/or argument as follows:

1.  ***Excluding evidence and argument, and precluding examination on issues concerning Plaintiff's sexual history, sexuality and sexual orientation.*** Grinnell's counsel questioned Plaintiff about these issues at his deposition and Plaintiff anticipates that Grinnell will attempt to rely on, and elicit such evidence and testimony at trial, which is not relevant to whether Grinnell discriminated against Plaintiff on the basis of his sex, or violated its policies, when it decided to investigate, investigated and adjudicated the sexual misconduct allegations made by Complainants #1 and #2. FRE 401, 402. Assuming *arguendo* that such evidence and testimony could meet the relevance threshold, it should be excluded on the ground that its probative value does not outweigh the danger that Plaintiff would be unfairly prejudiced by its presentation to the jury. FRE 403.

2. ***Excluding evidence and argument, and precluding examination concerning childhood sexual abuse.*** Grinnell's counsel questioned Plaintiff about this issue at his deposition and Plaintiff anticipates that Grinnell will attempt to rely on, and elicit such evidence and testimony at trial, which is not relevant to whether Grinnell discriminated against Plaintiff on the basis of his sex, or violated its policies, when it decided to investigate, investigated and adjudicated the sexual misconduct allegations made by Complainants #1 and #2. FRE 401, 402. Assuming *arguendo* that such evidence and testimony could meet the relevance threshold, it should be excluded on the ground that its probative value does not outweigh the danger that Plaintiff would be unfairly prejudiced by its presentation to the jury. FRE 403.

3. ***Excluding evidence and argument and precluding examination concerning*** ▬▬▬▬▬. Grinnell's counsel questioned Plaintiff about ▬▬▬▬ at his deposition and Plaintiff anticipates that Grinnell will attempt to rely on, and elicit evidence and testimony concerning this individual at trial, which is not relevant to whether Grinnell discriminated against Plaintiff on the basis of his sex, or violated its policies, when it decided to investigate, investigated and adjudicated the sexual misconduct allegations made by Complainants #1 and #2. FRE 401, 402. ▬▬▬▬, Plaintiff's ex-girlfriend, did not participate in the Title IX proceedings at issue in this action in any capacity. Assuming *arguendo* that such evidence and testimony could meet the relevance threshold, it should be excluded on the ground that its probative value does not outweigh the danger that Plaintiff would be unfairly prejudiced by its presentation to the jury. FRE 403. Grinnell should also be precluded from attempting to use this evidence as character evidence. FRE 404(a)(1), (b)(1).

4. ***Excluding evidence and argument, and precluding examination concerning drug and alcohol use.*** Grinnell's counsel questioned Plaintiff about these issues at deposition and

Plaintiff anticipates that Grinnell will attempt to rely on, and elicit such evidence and testimony at trial, which is not relevant to whether Grinnell discriminated against Plaintiff on the basis of his sex, or violated its policies, when it decided to investigate, investigated and adjudicated the sexual misconduct allegations made by Complainants #1 and #2. FRE 401, 402. Assuming *arguendo* that such evidence and testimony could meet the relevance threshold, it should be excluded on the ground that its probative value does not outweigh the danger that Plaintiff would be unfairly prejudiced by its presentation to the jury. FRE 403.

5. Plaintiff is filing a brief and declaration, full copies of which will be filed under seal, in support of this motion.

6. Plaintiff respectfully requests oral argument on this motion.

Wherefore, Plaintiff respectfully requests that the Court rule on this motion prior to trial and enter an order instructing Grinnell and its counsel, and through counsel, Grinnell's witnesses, not to mention, refer to, or interrogate or attempt to convey in any manner, either directly or indirectly, any of the above-mentioned matters, without first obtaining permission from the Court outside the presence and hearing of the jury, and further instructing Grinnell and its counsel to warn and instruct every one of its witnesses to strictly follow the same instructions.

Dated: July 26, 2019

                Respectfully Submitted,

                /s/ Andrew T. Miltenberg
                    Andrew T. Miltenberg, Esq.
                Kara L. Gorycki
                NESENOFF & MILTENBERG, LLP.
                363 Seventh Avenue, Fifth Floor
                New York, New York 10001
                Telephone: (212) 736-4500
                Email: AMiltenberg@nmllplaw.com
                KGorycki@nmllplaw.com

-and-

  /s / David H. Goldman
David H. Goldman, Esq.
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa 50309
Telephone: (515) 244-4300
Email: dgoldman@babichgoldman.com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2019 I served the foregoing document on the following counsel of record via the Court's electronic filing ("ECF") system:

Frank B. Harty, Esq.
Nyemaster Goode P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
(515)283-3100
fharty@nyemaster.com

Frances M. Haas, Esq.
Nyemaster Goode P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
(319)286-7000
fmhaas@nyemaster.com

/s/ Andrew T. Miltenberg