**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>GRINNELL COLLEGE, RAYNARD S. KINGTON, SARAH MOSCHENCROSS, ANGELA VOOS, ANDREA B. CONNOR, and BAILEY ASBERRY,<br><br>      Defendants. | No. 4:17-00079-RGE-SBJ<br><br>**GRINNELL COLLEGE'S MEMORANDUM ON THE USE OF A PSEUDONYM BY PLAINTIFF** |

Defendant Grinnell College, ("Grinnell") files this memorandum pursuant to Magistrate Judge Jackson's request for the position of the parties on the use of pseudonyms at trial.

**Introduction**

During the pretrial stage of this case Plaintiff was allowed to use a pseudonym. Now that there will be a public, federal trial, Plaintiff must proceed under his real name.

**Discussion: The Law**

The relief Plaintiff seeks, to cloak himself in a veil of secrecy while asserting serious claims against a non-profit institution, is exceptional. "Trial is a public event. What transpires in the court room is public property." *Craig v. Harney,* 331 U.S. 367, 374 (1947). Rule 10(a) mandates that a plaintiff identify the parties by name in the complaint. *See* Fed. R. Civ. P. 10(a) (stating a plaintiff "shall include the names of all the parties"). Rule 17 requires that all civil actions be prosecuted in the name of the real party in interest. Case law also reflects a strong judicial presumption against proceeding under a pseudonym. *See, e.g., Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Frank,*

951 F.2d 320 (323-324) (11th Cir. 1998); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712-13 (5th Cir. 1979).

Rule 10(a) of the Federal Rules of Civil Procedure provides the "title of the complaint must name all of the parties." To proceed under pseudonym, Plaintiff must demonstrate he "has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F. 2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F. 2d 180, 186 (5tgh Cir. Unit A 1981)); *see also In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616 at *3 (E.D. Mo. Apr. 6, 2016). The intimate nature of a suit alone is insufficient to justify Plaintiff's use of a pseudonym. *Drake University,* Order (docket no. 40), at 4 (citing *Doe v. Hartz,* 52 F. Supp. 2d 1027, 1047 (N.D. Iowa 1999)).

Plaintiff is not a victim of sexual assault. He admits being the aggressor in the sexual encounters at issue. While courts sometimes grant motions to proceed under pseudonym for plaintiffs who are victims of a sexual assault or child sexual abuse, *see Roe v. St. Louis Univ.,* No. 4:08-CV-1474-JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009); *Doe HM v. St. Louis Cnty.,* No. 4:07-CV-2116, CEJ, 2008 WL 151629, at *1 (E.D. Mo. 2008), Plaintiff is an adult, not a minor. This weighs in favor of disclosing Plaintiff's identity. *See Drake University,* Order (docket no. 40), at 5 (citing *Sealed Plaintiff,* 537 F.3d at 190 (fourth factor); *Doe v. Pittsylvania County,* 844 F. Supp. 2d 724, 729-30 (W.D. Va. 2012)).

Cases that qualify as sufficiently intimate to justify pseudonym treatment include those "involving abortion and birth control use, homosexuality and transsexuality, AIDS, and the welfare of abandoned or illegitimate children." *Ashley Madison Customer Data Sec.*

1

*Breach Litig.,* 2016 WL 1366616, at *2 (E.D. Mo. Apr. 6, 2016) (citing *Southern Methodist Univ.,* 599 F.2d at 712-13 (citations omitted); *Lindsey v. Dayton-Hydson Corp.,* 592 F.2d 1118, 1125 (10th Cir. 1979); *Doe v. Blue Cross & Blue Shield of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Blue Cross & Blue Shield of Rhode Island,* 794 F. Supp. 72, 74 (D. R.I. 1992); *WG.A. v. Priority Pharm., Inc.,* 184 F.R.D. 616 (E.D. Mo. 1999). These types of intimate personal issue are not present here.

Many Courts have declined to exercise their discretion to allow pseudonym treatment based on speculative damage to future endeavors or reputation. *See Ashley Madison,* 2016 WL 1366616, at *2 (denying a motion to proceed under pseudonym based on "mere embarrassment or harm to reputation"); *Doe v. Hartz,* 52 F. Supp. 2d 1027, 1046-1048 (N.D. Iowa 1999) (denying motion to proceed under pseudonym for a plaintiff who alleged claims stemming from alleged sexual contact by a Catholic priest). A similar result is appropriate here.

Another factor that weighs against pseudonym treatment is the absence of governmental parties in the case-Plaintiff is suing a private entity. *See Drake University,* Order (docket no. 40), at 6 (citing *Sealed Plaintiff,* 537 F.3d at 190 (fifth factor); *Doe v. Frank,* 951 F.2d 320, 323-324 (11th Cir. 1992) (per curiam); *Pittsylvania County,* 844 F. Supp. 2d at 730). And, like *Drake University,* "the public's interest in knowing Plaintiffs identity is not 'atypically weak.'" *Drake University,* Order (docket no. 40), at 6 (quoting *Sealed Plaintiff,* 537 F.3d at 190 (ninth factor)).

**Media Interest**

Plaintiff through his attorneys, has generated media interest in this case. After this Court's ruling on summary judgment, Plaintiff's attorneys held a press conference to crow

2

about the "historic" nature of this case. *https://whotv.com/2019/07/11/federal-judge-gives-the-green-light-for-first-title-ix-sexual-misconduct-case-to-proceed-to-trial/*. Even early on this case received media attention. *See* Des Moines City View (Apr. 7, 2017), available at: *http://www.stormlake.com /articles/2017/04/07/register-daily-and-sunday-circulation-falls-another-10-percent-jailed-kent.* In that article, Plaintiff is identified as a former student of Grinnell from the state of Washington. Again, the media interest was generated by Plaintiff. He should be precluded from generating public interest while hiding behind a pseudonym.

## Conclusion

Defendant Grinnell College understands that pseudonym status was maintained during discovery. Grinnell submits that Plaintiff cannot meet the heavy burden to justify proceeding to trial under a pseudonym. Plaintiff cannot identify an interest that outweigh the vitally important notion of the public nature of federal litigation. *See* Fed. R. Civ. P. 10(a).

/s/ Frank Boyd Harty
Frank Boyd Harty
Nyemaster Goode, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com

and

/s/ Frances M. Haas
Frances M. Haas
Nyemaster Goode, P.C.
625 First Street SE, Suite 400
Cedar Rapids, Iowa  52401
Telephone:  319-286-7000
Facsimile: 319-286-7050
Email:  fmhaas@nyemaster.com

ATTORNEYS FOR DEFENDANTS GRINNELL
COLLEGE, RAYNARD S. KINGTON, SARAH

                                                MOSCHENCROSS, ANGELA VOOS, ANDREA
                                                CONNOR, AND BAILEY ASBERRY

**<u>CERTIFICATE OF SERVICE</u>**

4

I hereby certify that on August 1, 2019 I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to the following:

David H. Goldman, Esq.
Phillip F. Van Liew, Esq.
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa  50309
Telephone:  (515) 244-4300
Email: dgoldman@babichgoldman.com
Email: pvanliew@babichgoldman.com

-AND-
Andrew T. Miltenberg, Esq. (*pro hac vice*)
Tara J. Davis, Esq. (*pro hac vice*)
NESNOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500
Email: AMiltenberg@nmllplaw.com
Email: tdavis@nmllplaw.com

ATTORNEYS FOR PLAINTIFF JOHN DOE

/s/  Nicole M. Graham